UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00257

**Great American Insurance Co.,**
*Plaintiff,*

v.

**Teel Management Group, Inc. et al.,**
*Defendants.*

# OPINION AND ORDER

Defendants, after being served with process, failed to appear or defend this action. Upon plaintiff's request, the clerk entered default on August 23, 2022. Doc. 6. Now before the court is plaintiff's motion for entry of default judgment against defendants. Doc. 9. Plaintiff seeks to recover compensatory damages, attorney fees, costs, pre-judgment interest, and post-judgment interest. The court will first address whether default judgment is appropriate, and then address each of these requested remedies in turn.

Before a default judgment is proper, a plaintiff must establish three elements: (1) a default resulting from the failure by a defendant to plead or otherwise respond to a complaint within the time required by Federal Rule of Civil Procedure 12; (2) a clerk's entry of the defendant's default when established by affidavit or other filing according to Rule 55(a); and (3) an application for default judgment based on such default. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). But a plaintiff is "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Indeed, default judgments are "generally disfavored" as a matter of policy. *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). The court must consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default

judgment, and whether the court would think itself obliged to set aside the default on the defendant′s motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A party is entitled to default judgment only if, after reviewing these factors, the court finds it appropriate.

Plaintiff has satisfied the three required elements for a default judgment. *See N.Y. Life Ins. v. Brown*, 84 F.3d at 141. The court's records show that all defendants (including George A. Teel, George E. Teel, and Teel Management Group, Inc.) were served on July 13, 2022. Doc. 3. Defendants were properly served[1] and have not responded to the complaint within the established timeframes. Doc. 5. In addition, the clerk entered a default against all defendants (Doc. 6) and plaintiff has filed a motion for default judgment based on the clerk's entry of default. Doc 9. Thus, plaintiff has satisfied its procedural requirements, and the grounds for default are clearly established.

Defendants have neither appeared nor responded to this lawsuit, and "by [their] default, admit[] the plaintiff′s well-pleaded allegations of fact." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Each defendant was personally served with a summons, which warned that a failure to respond would result in a default judgment. Doc. 3. Moreover, defendants have not argued that their failure to answer was due to good-faith mistake or excusable neglect. Finally, the court would be unlikely to set aside the judgment on defendants' motion.[2]

In weighing these facts against the considerations identified in *Lindsey*, 161 F.3d at 893, and the court's policy generally

---

[1] When serving a defendant within the United States, service is proper when plaintiff, or someone authorized by plaintiff, "deliver[s] a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(C). Here, all three returns state that the summons was personally served on each individual defendant. Doc. 3. Plaintiff's counsel further verified that the individual defendants are not members of the armed services and not entitled to additional service protections. Doc. 9-3.

[2] The court considers a hypothetical motion only to the extent as required by *Lindsey*, 161 F.3d at 893. The parties should not interpret this analysis as a pre-judgment on any potential future motions.

disfavoring default judgments, see *Mason & Hanger-Silas Mason Co., Inc.*, 726 F.2d at 168, the court finds that default judgment is appropriate.

### 1. Compensatory Damages

Plaintiff has requested $125,502.85 in compensatory damages. Doc. 9. Defendants did not respond to plaintiff's motion.

After reviewing plaintiff's motion (Doc. 9) and the declaration of claim specialist Prithvi Bhaskar (Doc 9-2), the court grants plaintiff's motion. Plaintiff shall have and recover compensatory damages of $125,502.85 from defendants.

### 2. Attorney Fees and Costs

Plaintiff has requested $6,750.00 in "reasonable attorney fees" as well as $990.40 in costs in connection with this case. Doc. 9. Defendants did not respond to plaintiff's motion.

The court finds that plaintiff is entitled to attorney fees and costs pursuant to both the Texas Civil Practice and Remedies Code § 38.001 and its indemnity agreement with defendants. Doc. 1-1. After reviewing plaintiff's motion (Doc. 9) and the declaration of attorney Mike Pipkin (Doc. 9-3), the court grants plaintiff's motion. Plaintiff shall have and recover attorney fees of $6,750.00 and costs of $990.40 from defendants.

### 3. Pre-Judgment Interest

The pre-judgment interest on plaintiff's breach-of-contract claim is governed by the applicable rate in Texas. See *FSLIC v. Tex. Real Estate Couns., Inc.*, 955 F.2d 261, 270 (5th Cir. 1992). The rate of pre-judgment interest in Texas for breach of contract claims is the same as Texas's rate for post-judgment interest. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998). The Texas Financial Code provides that the post-judgment rate is equal to "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation" or "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent." Tex. Fin. Code § 304.003(c)(1)(2).

At the time of this judgment, the Texas Office of Consumer Credit Commissioner published a judgment rate of 7.50% per annum. *See* http://occc.texas.gov/publications/interest-rates. Further, pre-judgment interest accrues "during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." Tex. Fin. Code § 304.104. Here, the earlier of those two dates is the date the suit was filed: July 12, 2022. Accordingly, the court awards pre-judgment interest on plaintiff's $125,502.85 in an amount of 7.50% per annum, simple interest for 180 days. This amounts to $4,641.89.

### 4. Post-Judgment Interest

Post-judgment interest is governed by 28 U.S.C. § 1961. The interest rate applied is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The post-judgment interest on plaintiff's total award of $130,144.74 (damages and pre-judgment interest) will therefore accrue at the applicable federal rate of 4.73%. Selected Interest Rates (Daily) – H.15, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/h15/; *Southwest Elec. Contracting Servs., Ltd.*, 2022 WL 1468384, at *49 (applying the post-judgment interest rate to both the damages awarded by the jury and the amount of pre-judgment interest). Interest shall be computed daily to the date of payment and compounded annually. *See* 28 U.S.C. § 1961(b).

### Conclusion

For the above reasons, plaintiff's motion for entry of default judgment (Doc. 9) is granted. Plaintiff is entitled to damages in the amount of $125,502.85. The court also awards plaintiff $6,750.00 in attorney fees, $990.40 in costs, and a total amount of prejudgment interest of $4,641.89. The post-judgment interest rate is 4.73%.

*So ordered by the court on January 9, 2023.*

J. CAMPBELL BARKER
United States District Judge